UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA | ) )   ) Crim. Action No. |
| v. | ) 14-10019-FDS ) |
| MIGUEL FERNANDES, | ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582

**SAYLOR, C.J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). On January 7, 2016, defendant Miguel Fernandes pleaded guilty to conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii), and 846; possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii); and conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h). On April 8, 2016, he was sentenced to a 144-month term of incarceration on each count to be served concurrently, followed by a four-year term of supervised release. He is currently incarcerated in FCI Schuylkill in Pennsylvania, with a projected release date of November 21, 2024. For following reasons, the motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court may reduce a term of imprisonment for, among other things, "extraordinary and compelling reasons," but only upon a motion by the Director of the Bureau of Prisons or by a defendant who has exhausted his administrative remedies. *Id.* § 3582(c)(1)(A). To exhaust those remedies, a defendant must request that the warden of his

Bureau of Prisons institution file a motion on his behalf to reduce his sentence, and then either (1) have that request be denied and exhaust the appeals processes of the Bureau of Prisons; or (2) wait until 30 days have passed since that request was received. *Id.*

Here, it appears that defendant has exhausted his administrative remedies. On April 21, 2020, he filed a request with the warden of FCI Schuylkill to move for a sentence reduction on his behalf. (Def. Ex. C). Because more than 30 days have passed since his submission, this Court has jurisdiction to consider his request. *See* 18 U.S.C. § 3582(c)(1)(A).

A court may reduce a term of imprisonment if, after considering the sentencing factors set forth in § 3553, it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). "Extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (2018); Bureau of Prisons Program Statement 5050.50 (2019).

Here, defendant contends that the "extraordinary and compelling" reason to reduce his sentence to time served is that he suffers from hypothyroidism, hypertension, high cholesterol, and diabetes, placing him at heightened risk for death or serious illness from the current COVID-19 pandemic. (Def. Mot. at 9-13). It is true that diabetes is a known risk factor for COVID-19 complications, and hypertension is a possible risk factor. *See* CENTER FOR DISEASE CONTROL AND PREVENTION, *People Who Are at Higher Risk for Severe Illness* (June 25, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, defendant offers no argument or evidence that, even after accounting for these conditions, he is anything other than a 44-year old man in generally good health, whose

identified health conditions are effectively managed by diet and medication.  (*See generally* Def. Ex. B, Fernandes Medical Records).  Moreover, there is no indication that defendant is currently at heightened risk of infection from a widespread COVID-19 outbreak at his facility.  To date, it appears that one inmate, and no staff members, at FCI Schuylkill have become infected with the virus, and the Bureau of Prisons has instituted precautionary measures to prevent transmission.  *See* FEDERAL BUREAU OF PRISONS, *COVID-19 Cases*, https://www.bop.gov/coronavirus (last visited July 14, 2020) (listing number of confirmed cases in each correctional facility); *see also* Gov't Opp. at 11-14 (discussing precautionary measures).  In short, defendant has not shown that his continued incarceration at FCI Schuylkill poses a specific, material risk of serious complications from COVID-19 that rises to the level of an extraordinary and compelling reason for release.

Furthermore, the sentencing factors set forth in 18 U.S.C. § 3553 weigh against granting defendant an early release.  This Court originally sentenced him to a 144-month sentence, which was below the advisory guidelines sentencing range but still substantial, based on the seriousness of his offense and his criminal history.[1]  Defendant led a transcontinental drug trafficking and money laundering conspiracy, recruiting many other individuals and earning millions of dollars in drug proceeds.  He also had a history of convictions for controlled substance offenses.  (Gov't Opp. at 1-2).  Law enforcement agents seized two kilograms of cocaine and 520 kilograms of marijuana attributable to defendant, forming the basis of this prosecution and conviction.  (*Id.* at 2).  If he is released to home confinement now, he will have received a sentence reduction of more than four years on a twelve-year sentence.  Such an outcome would not properly reflect the seriousness of his offense or provide adequate deterrence to criminal conduct.  18 U.S.C. § 3553.

Because defendant has not shown that "extraordinary or compelling reasons" justify

---

[1] The advisory guidelines sentencing range was 168-210 months.  (Gov't Opp. at 3).

3

reducing his sentence to time served as requested, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

**So Ordered.**

                                                  <u>F. Dennis Saylor IV</u>
                                                  F. Dennis Saylor IV
Dated:  July 16, 2020                      Chief Judge, United States District Court